**IN THE COURT OF APPEALS OF IOWA**

No. 20-0112
Filed June 3, 2020

**IN THE INTEREST OF M.T.,**
**Minor Child,**

**R.G., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Deborah Farmer

Minot, District Associate Judge.


        A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**


        Lanny M. Van Daele of Van Daele Law, LLC, North Liberty, for appellant

mother.

        Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

        Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, attorney

and guardian ad litem for minor child.


        Considered by Bower, C.J., and Doyle and Schumacher, JJ.

**DOYLE, Judge.**

This appeal concerns the termination of a mother's parental rights to her child. We set out the following relevant facts in a prior appeal:

> The child was born in 2016. Within six months, the juvenile court removed the child from the parents' care because of the child's exposure to the parents' domestic violence. The parties stipulated to the child's adjudication as a child in need of assistance (CINA).
>
> In August 2018, after almost two years, the juvenile court authorized a trial home placement. The parents did not fare well during this period, failing to follow the expectations of the trial home placement plan and to maintain contact with their Family Safety, Risk, and Permanency (FSRP) service provider. But the [Iowa Department of Human Services] failed to inform the court of these failures, and the juvenile court returned the child to the parents' care in November 2018. The court discovered the truth of the situation in March 2019. It scheduled a modification hearing and informed the parents it would consider removing the child if they did not take the child to protective daycare daily or failed to meet with the FSRP service provider regularly.
>
> A domestic dispute between the parents in May 2019 led the State to file criminal charges against the father for domestic abuse assault, second offense. The juvenile court entered a temporary order removing the child from the parents' care before holding a hearing to consider the child's removal, modification of prior dispositional orders, and waiver of reasonable efforts. In its August 2019 order, the juvenile court placed the child in foster care and waived the requirement for making reasonable efforts to reunify the family.

*In re M.T.*, No. 19-1384, 2019 WL 6894397, at *1 (Iowa Ct. App. Dec. 18, 2019). We affirmed the father's appeal of that order. *Id.* at *2.

Shortly after the juvenile court waived reasonable efforts, the State petitioned to terminate both the mother's and the father's parental rights. The juvenile court held the termination hearing in December 2019. In the termination order, it noted that this court affirmed its August 2019 order waiving reasonable efforts based on proof of the elements of section 232.116(1)(i) (2019). *See id.* at *2; *see also* Iowa Code § 232.102(14)(b) (allowing the court to waive the

reasonable-efforts requirement if the circumstances described in section 232.116(1)(i) apply). The court then concluded that "[n]one of the evidence adduced at the termination trial changes or refutes that finding in any respect." On this basis, it found clear and convincing evidence supported terminating both parents' rights under Iowa section 232.116(1)(i) and (h).

On appeal from the termination order, the mother claims the State failed to prove the grounds for termination by clear and convincing evidence.[1] We review her claim de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). Because the juvenile court terminated parental rights on two statutory grounds, we can affirm if the record supports either. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). Section 232.116(1)(i) allows the court to terminate parental rights if the evidence shows:

> (1) The child meets the definition of [CINA] based on a finding of physical or sexual abuse or neglect as a result of the acts or omissions of one or both parents.
> (2) There is clear and convincing evidence that the abuse or neglect posed a significant risk to the life of the child or constituted imminent danger to the child.
> (3) There is clear and convincing evidence that the offer or receipt of services would not correct the conditions which led to the abuse or neglect of the child within a reasonable period of time.

The mother's entire argument on appeal is that there is insufficient evidence to show that she "could not care for herself and her child," instead claiming the evidence shows that she "was able to take care of herself and her child and she was bonded with her child." Assuming this is a challenge to the State's proof that the conditions leading to the abuse or neglect of the child cannot be corrected in a

---

[1] The father is not a party to this appeal.

reasonable time, we disagree. The record shows the mother made no major change following entry of the August 2019 order waiving reasonable efforts. As the juvenile court found,

> Over the last five months, [the mother] failed to make any progress. She continued to live fulltime with her mother in a small apartment with other adults and children. She made no effort to obtain housing for herself and [the child]. . . . [The mother] had regular, fully supervised visits with [the child]. Although [the child] tolerated the visits, he did not seem to enjoy them. . . . [H]e often refused to hug [the mother] or accept hugs from her. There is simply no evidence of a strong mother-child bond. [The mother]'s parenting skills have not noticeably improved. The FSRP provider does not believe that she has the ability to notice, evaluate, and meet [the child]'s changing developmental needs.

We concur with these findings and adopt them as our own. Children are not equipped with pause buttons. *See In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987) ("The crucial days of childhood cannot be suspended while parents experiment with ways to face up to their own problems."). Three years after the CINA adjudication, it is clear that the offer or receipt of services did not—and would not— correct the conditions within a reasonable time. We therefore affirm the termination of the mother's parental rights to her child.

**AFFIRMED.**